# FARNAN LLP

October 5, 2022

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

      Re:   *Koninklijke Philips N.V., et al. v. Realtek Semiconductor, Corp.*
             C.A. No. 20-cv-1247-CFC

Dear Chief Judge Connolly:

The parties in the above-captioned matter write regarding their dispute as to whether the scheduling order recently entered in the other Philips cases pending before this Court—in which the two patents asserted in this case are also asserted—should likewise be entered in this matter.

The parties' respective positions are set forth below.

## Plaintiffs' Position:

Five other cases filed by Philips are currently pending in this Court, in which Philips asserts the two patents asserted against Realtek in this case plus two others.[1] In all of those cases, the Court entered a common Scheduling Order on September 1, 2022, following a hearing on the same day. *See* Exhibit A (D.I. 19, Scheduling Order, *Koninklijke Philips N.V., et al. v. MediaTek Inc., et al.*, C.A. No. 20-cv-1246-CFC). That common schedule set deadlines for, among other things, infringement contentions, invalidity contentions, and claim construction.

---

[1] Those cases are: *Koninklijke Philips N.V., et al. v. Dell Technologies, Inc., et al.*, C.A. No. 20-cv-1240-CFC; *Koninklijke Philips N.V., et al. v. HP, Inc.*, C.A. No. 20-cv-1241-CFC; *Koninklijke Philips N.V., et al. v. Lenovo Group Ltd., et al.*, C.A. No. 20-cv-1242-CFC; *Koninklijke Philips N.V., et al. v. Intel Corporation*, C.A. No. 20-cv-1243-CFC; *Koninklijke Philips N.V., et al. v. MediaTek Inc., et al.*, C.A. No. 20-cv-1246-CFC. These cases, together with this case against Realtek, are referred to collectively as "the Philips Cases."

Despite being invited, and despite being copied on all relevant correspondence to that common Scheduling Order, Realtek refused to participate in any of the negotiations regarding that schedule. After this, however, Realtek opted to participate in lengthy negotiations among all seven parties in the Philips Cases regarding the Protective Order, as well as a protocol for transferring into the Philips Cases and the Realtek case the evidence adduced in the prior International Trade Commission case in which all parties, including Realtek, actively litigated.[2] Those stipulated proposals were entered by the Court in this case on September 28, 2022, as D.I. 25 and 26. On the same day, Realtek filed its motion to dismiss for a purported lack of personal jurisdiction.[3] *See* D.I. 27.

To date, Realtek has refused to agree to the entry, in the Realtek case, of the common Scheduling Order that was entered in all of the other Philips Cases. Despite this, Realtek has represented that it is nonetheless "willing to participate in the joint claim construction briefing and hearing proceedings on the current schedule entered in" the other Philips Cases in order to avoid having more than one claim construction proceeding across all of these cases.

Adopting Realtek's position would allow it to opt out of a lone deadline in the common Scheduling Order entered across all of the Philips Cases—the deadline for each defendant to serve invalidity contentions—while adhering to *every other deadline for defendants* in that common schedule. Realtek's position is shown below:

---

[2] Realtek contends that it was not served, thus suggesting that it did not have notice of this case, until September 7, 2022. In reality, Realtek's litigation counsel here actively participated throughout the ITC litigation yet refused to accept service of the district court complaint two years ago. This tactic required unnecessary motion practice before this Court. *See* D.I. 21, Order Granting Plaintiff's Motion for Alternative Service (Sept. 7, 2022).

[3] Philips believes that the motion lacks substantive merit and will respond at the appropriate time.

| Event | Deadline | Realtek Participates? |
|---|---|---|
| Protective Order and Protocol for Transferring ITC Evidence | Sept. 21, 2022 | Yes |
| Disclosure of Asserted Claims and Infringement Contentions | Oct. 14, 2022 | n/a |
| **Defendants' Invalidity Contentions** | **Dec. 2, 2022** | **No** |
| Exchange List of Proposed Claim Terms and Constructions | Dec. 15, 2022 | Yes |
| Meet and Confer Re: Claim Constructions | Jan. 10, 2023 | Yes |
| File Joint Claim Construction Chart | Jan. 17, 2023 | Yes |
| Plaintiffs serve opening claim construction brief | Feb. 15, 2023 | n/a |
| Defendants serve responsive claim construction brief | March 15, 2023 | Yes |
| Plaintiffs serve reply claim construction brief | April 5, 2023 | n/a |
| Defendants serve sur-reply claim construction brief | April 26, 2023 | Yes |
| Parties file Joint Claim Construction Brief | May 1, 2023 | Yes |
| Hearing on Claim Construction | May 23, 2023 | Yes |

Permitting Realtek's requested opt-out is problematic, not least because it will allow Realtek to hide its invalidity positions regarding patents it has actively litigated in other fora for years until after the claim construction process is completed in this Court. This will create a real risk that further claim construction will be necessary, because Realtek will get to participate in the claim construction process while retaining optionality to later spring invalidity contentions that may require additional claim interpretation. There is no reason to risk such waste of Court and party resources.

Realtek's selective opt-out strategy will also provide Realtek a number of unfair advantages, including the ability to post hoc tailor its validity positions to Philips' claim construction positions, and to craft claim construction positions directed to yet-undisclosed invalidity contentions while getting the benefit of Philips' infringement contentions (which Philips intends to serve on Realtek according to the common Scheduling Order).

The Court should require Realtek to serve its invalidity contentions on December 2, 2022 at the same time as the defendants in all of the other Philips Cases. This requirement for Realtek to timely disclose invalidity contentions is something

3

that it would necessarily have to do even if the suit against Realtek was pending in another jurisdiction. The common Scheduling Order entered in the other Philips Cases should be entered in this case, too.

**Defendant's Position:**

Realtek filed a motion to dismiss for lack of personal jurisdiction on September 28, 2022, and proposes that the issue of personal jurisdiction should be decided prior to this case proceeding on the merits, including invalidity contentions, claim construction briefing and a *Markman* hearing. "Personal jurisdiction … is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999). "The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Id.*; quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

Accordingly, Realtek respectfully requests that the Court defer entering a schedule in this case until the pending motion to dismiss is decided and the Court determines that it has jurisdiction over this case. If the Court grants Realtek's motion and finds a lack of jurisdiction, no further activity in this litigation will be necessary. However, even if the Court denies Realtek's motion or Realtek's motion remains pending at the time that the claim construction schedule is reached in the related cases filed by Philips, Realtek is willing to participate in the joint claim construction briefing and hearing proceedings on the current schedule entered in the related cases (without waiving its defense of lack of personal jurisdiction), so the Court need only have a single claim construction proceeding on the asserted and related patents.

Realtek did not participate in negotiations regarding the Scheduling Order entered in related cases, or the Scheduling Conference held in those cases on September 1, 2022, because Realtek was not served with the Complaint in this action until September 7, 2022. D.I. 20, 21, 22. Philips does not mention or address the timing of service, which itself is a fundamental jurisdictional requirement. *See, e.g.,*

4

*Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments,* 553 F.3d 1351, 1360 (11th Cir. 2008).  But even if Realtek had been served with the Complaint earlier in time, the same issues would have arisen.

Realtek is not trying to "opt out" of a single deadline, the service of invalidity contentions, as Philips contends.  Rather, it is Realtek's position that questions of personal jurisdiction should be resolved prior to a case proceeding on the merits.  This would include, for example, any future fact discovery on non-jurisdictional issues, as well as invalidity contentions and similar activities.  Ideally, it would also include claim construction proceedings.

Realtek recognizes, however, that it is judicially efficient for the Court to have a single claim construction briefing and hearing across all six related cases, due to the overlap in asserted patents.  For this reason, Realtek has stated its willingness to participate in those proceedings without waiving its defense of lack of personal jurisdiction, if the issue of personal jurisdiction has not been finally adjudicated prior to the commencement of the claim construction schedule.

Philips' position—that if Realtek participates in claim construction, it should be required to participate in all other aspects of the litigation—appears designed to penalize Realtek for trying to balance the issues raised by the lack of personal jurisdiction with the objective of promoting judicial efficiency in adjudicating common legal issues across related cases.  Realtek respectively suggests that it's proposal best balances the interests of the parties and the Court.

******

The parties respectfully request the opportunity to be heard on this issue, at the Court's convenience.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (Via E-Filing)