IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDIA CONTENT PROTECTION LLC, | ) )  ) |
| Plaintiff, | ) ) C.A. No. 20-1247-CFC |
| v. | ) ) |
| REALTEK SEMICONDUCTOR CORP., | ) ) |
| Defendant. | ) ) |

**DEFENDANT REALTEK SEMICONDUCTOR CORP.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)**

*Of Counsel:*

Christopher J. Higgins
Sten A Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20005-1706
(202) 339-8400
chiggins@orrick.com
sjensen@orrick.com

Joseph Kolker
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
jkolker@orrick.com

Dated: March 7, 2025

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

I.    MCP'S ARGUMENT WRONGLY FOCUSES ONLY ON THE UNCLAIMED FIRST DEVICE ................................................................................ 2

      A.    Realtek Applied the Court's Construction ............................................. 3

      B.    MCP's Focus on the Unclaimed First Device Cannot Save the Asserted Claims Under *Alice* ................................................................. 4

      C.    The Asserted Claims Survived a Section 101 Challenge at the ITC *Only* Because that Tribunal Found the "First Device" Limiting .......... 8

II.   CONCLUSION ................................................................................................. 9


# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Certain Digital Video-Capable Devices and Components Thereof*,
   Inv. No. 337-TA-1224, USITC Pub. 758903 (Dec. 20, 2021), 2021
   WL 6071754 ...............................................................................................................8

*CosmoKey Solns. GmbH & Co. v. Duo Sec. LLC*,
   15 F.4th 1091 (Fed. Cir. 2021) ...................................................................................7

*Data Engine Techs. LLC v. Google LLC*,
   10 F.4th 1375 (Fed. Cir. 2021) ................................................................................1, 5

*Mobile Acuity Ltd. v. Blippar Ltd.*,
   110 F.4th 1280 (Fed. Cir. 2024) .................................................................................2

*TecSec, Inc. v. Adobe Inc.*,
   978 F.3d 1278 (Fed. Cir. 2020) ..........................................................................5, 6, 7

**Statutes**

35 U.S.C. § 101 ..............................................................................................................1, 8, 9

**Other Authorities**

Fed. R. Evid. 201 .................................................................................................................8

Rule 12(c) ............................................................................................................................2

MCP's Opposition relies entirely on the unclaimed "first device," which it repeatedly told the Court is *not* part of the claims and is *not* required for infringement. If elements of the claims are not required for infringement and not limiting on the claimed "second device," they are equally irrelevant to eligibility under Section 101. MCP effectively provides no opposition to Realtek's Motion under the Court's claim construction.

MCP received the construction it asked for and now cannot save the claims from ineligibility under its own construction. MCP argued that the "first device" elements are nonlimiting. *See* D.I. 145 at 6. Indeed, MCP's Opposition concedes that "the Court correctly noted that the claims . . . do not require the first device itself to be part of a system." D.I. 158 at 3 (the "Opposition"). Nevertheless, MCP argues that these "first device" elements are "key aspects of the invention" and are "the focus of the '564 Patent." *See, e.g.*, D.I. 158 at 10. MCP cannot have it both ways. *See Data Engine Techs. LLC v. Google LLC*, 10 F.4th 1375, 1381 (Fed. Cir. 2021) ("We have repeatedly rejected efforts to twist claims, like 'a nose of wax,' in 'one way to avoid [invalidity] and another to find infringement." (cleaned up)). The construction MCP urged this Court to adopt renders the claims ineligible.

When properly focused on the ***claims as construed***, the '564 Patent is directed to the abstract idea of sending and receiving data. And the claims recite no "inventive concept" to save them from the conclusion that they claim patent-ineligible subject

1

matter. MCP is devoid of any support in its cited cases either. The cases MCP relies upon all refer to *limiting* claim elements to find the claims patent eligible, *infra* § I.B, but those cases cannot save MCP's *non-limiting* claim elements here.

There is no dispute as to the legal standard under Rule 12(c) or the appropriateness of addressing the patent eligibility at this stage of the proceeding. MCP presents no "argument for the distinctive significance of any claim limitations not found in" claim 1 of the '564 Patent. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024); *see generally* D.I. 158. Thus, there is also no dispute as to the representativeness of claim 1. *See Mobile Acuity*, 110 F.4th at 1290. Furthermore, there is no dispute that, as construed, "the claims of the '564 Patent are directed to a 'second device' . . . and do not require the first device that is referenced." D.I. 158 at 2; *see also* D.I. 145 at 6.

## I. MCP'S ARGUMENT WRONGLY FOCUSES ONLY ON THE UNCLAIMED FIRST DEVICE

MCP essentially makes two arguments. First, MCP argues that Realtek improperly rewrote the claims to remove aspects that relate solely to the first device. *See* D.I. 158 at 9-14. But there was no such rewriting—Realtek simply applied the Court's claim construction, the Court's reasoning, and MCP's argument. Second, MCP argues that these same "first device" claim elements somehow come back to life and save the claims under the *Alice* test. But MCP disclaimed these elements during claim

2

construction and the Court agreed. MCP should be out of do-overs in this litigation and the position it asked for and received dooms the claims.

### A. Realtek Applied the Court's Construction

Realtek followed this Court's claim construction and is not "rewriting the claims." *Contra* D.I. 158 at 10. Realtek used the Court's *Markman* Order and *Markman* transcript to illustrate the portions of the claim that are limiting on the second device compared with those that are only directed to the unclaimed "first device." D.I. 145 at 5-8 (citing D.I. 99 at Exhibit B; Joint Claim Construction Br. (C.A. No.: 20-cv-1243, D.I. 49), *Markman* Order; *Markman* Hearing Tr. (C.A. No.: 20-cv-1243, D.I. 58)). MCP's Opposition does not dispute this, nor could it as the Court adopted MCP's position. *See Markman* Hearing Tr. at 119:16-17 ("I agree with the plaintiffs."). Nothing was "removed" from the claim, because, as advanced by MCP, "the claims of the '564 Patent are directed to a 'second device' . . . and do not require the first device that is referenced." D.I. 158 at 2. There is no middle ground.

It is MCP's attempt to find some middle ground that is contrary to the Court's *Markman* Order and interjects further uncertainty back into the case. In discussing the final part of claim 1 ("receive the protected content when . . ."), MCP asserts that this "limitation requires the second device be capable of receiving the protected content *when conditions are met*, necessitating that the second device be capable of causing them." D.I. 158 at 12 (emphasis added). First, the "time between . . ." "condition" is

entirely performed in the unclaimed first device, not the second device. Second, the alleged "conditions" were the subject of the ITC's finding of no infringement, which MCP sought to change with its claim construction in this case.[1] As Realtek explained, even if considered as part of the claimed system, the clause does nothing to provide support for eligibility because the claimed second device can still receive protected content even if the alleged "conditions" are not met. D.I. 145 at 16-17. Thus, even under MCP's argument, the claims would still encompass the same abstract idea of merely sending and receiving content.

### B. MCP's Focus on the Unclaimed First Device Cannot Save the Asserted Claims Under *Alice*

At both steps of the *Alice* framework, MCP relies upon aspects of the unclaimed first device. And fatal to its Opposition, MCP points to nothing in the ***claimed second device*** for the purported non-abstract or inventive aspects of the Asserted Claims. Accordingly, based on the as-construed claims, MCP has no argument.

MCP repeatedly points to, and is effectively its only argument, that the "authenticated distance measurement" is the "key aspect[] of the invention." *See, e.g.*, D.I. 158 at 4-6, 10, 12-13. But, as MCP admits, this measurement is performed by the ***unclaimed*** first device. *Id.* at 5-6 (quoting '564 Patent, 6:28-61). Paradoxically, MCP

---

[1] If MCP is now taking the position that the first device must perform the alleged conditions before the second device can receive protected content, then it should concede to a finding of no infringement.

also urges that this time-distance measurement need not occur for the claimed second device to receive the protected content. *Id.* at 13 (quoting *Markman* Hearing tr. at 118:7-9). MCP cannot have it both ways—it must live with what the Court held after MCP asked for it. MCP cannot argue that certain limitations have patentable weight for the purposes of patent eligibility but not for the purposes of infringement. *See Data Engine*, 10 F.4th at 1381.

At *Alice* step 1, the claims as construed are directed to the abstract idea of sending and receiving data. MCP asserts that the claims are not abstract because "here the claims improve the functioning of computers using 'a communication device for performing authenticated distance measurement to a second communication device.'" D.I. 158 at 16 (quoting '564 Patent, 1:39-41). Nowhere in the Asserted Claims does the **second device** perform any such "authenticated distance measurement"—that function is performed by the **unclaimed** first device. '564 Patent, claim 1 ("receive the protected content from the first device **when the first device** determines that . . . a time between the sending of the first signal and the receiving of the second signal is less than a predetermined time."). Functions of the unclaimed first device cannot save eligibility for claims directed solely to the second device.

MCP's reliance on *TecSec, Inc. v. Adobe Inc.* is misplaced. In that case, the court found the claims patent eligible only because the "specification [made] clear [that the claim elements] are important parts of the claimed advance in the combination of

5

elements." *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1294 (Fed. Cir. 2020). Each of those elements were limiting for the claimed method and system. *Id.* at 1282-83, 1295 n.3. Not so here, where the "first device" elements are non-limiting. D.I. 158 at 2, 13; *see also* D.I. 158 at 11 ("the first device is not claimed" and "the claims do not require the first device itself be part of the claimed system."). As discussed above, Realtek is neither rewriting the claims nor "disregarding" important elements of the claimed invention. These non-limiting elements are simply irrelevant to the eligibility analysis just as MCP has argued they are irrelevant to infringement.

Realtek's library analogy is precisely on point. *See* D.I. 145 at 13-14. MCP is incorrect that there is no analogy to the "secret"—that is the patron's address. *Id.* This analogy does not ignore the Court's construction of "when," it illustrates it. Under Realtek's analogy, as in claim 1 as construed, the patron can receive the library book regardless of whether the card is valid. If the card is valid (the conditions are met), then the patron receives the book. If the card is not valid, the patron can still receive the book. This is precisely because meeting the stated conditions is just "one way that the [patron] can receive the [library book] from the [librarian]." *See Markman* Hearing Tr. at 117:11-14. While MCP says the patron would just go somewhere else to get the book, that makes no sense because the patron would get the book either way at the library. Thus, the library card address confers no benefit, just as the non-limiting conditions of claim 1.

6

Each paragraph of MCP's Opposition under step one of *Alice* cites solely to the specification of the '564 patent as opposed to the claims. This is because the authenticated distance measurement, which MCP relies on in an attempt to distinguish Realtek's cited cases, has nothing to do with the claimed second device. As construed, the second device need only provide a certificate (send data), receive a first signal (receive data), create and send a second signal (send data), and receive the protected content (receive data). *See, e.g.*, D.I. 158 at 16. There is no authenticated distance measurement in the claims for the second device and the Asserted Claims fail at *Alice* step one.

At *Alice* step two, MCP provides a scant two-paragraph argument that similarly relies on authenticated time-distance measurement as the "inventive concept." D.I. 158 at 18-20. If that concept, which is performed by the unclaimed first device, cannot save the claims at step one, it cannot save them at step two either.

*CosmoKey* is inapposite for similar reasons as those discussed above with respect to *TecSec*. In *CosmoKey*, each of the steps were limiting on the method, and thus the "particular arrangement of steps . . . provid[ed] a technical improvement over conventional authentication methods" as explained by the specification. *CosmoKey Solns. GmbH & Co. v. Duo Sec. LLC*, 15 F.4th 1091, 1099 (Fed. Cir. 2021). Here, the Asserted Claims cover a second device—the alleged "inventive concept" according to MCP resides only in the functions performed by the unclaimed first device. MCP

7

cannot point to anything *in the claims* to survive Realtek's Section 101 challenge, and therefore, Realtek's Motion should be granted.

### C. The Asserted Claims Survived a Section 101 Challenge at the ITC *Only* Because that Tribunal Found the "First Device" Limiting

Realtek did not address the ITC record in its opening brief because its Motion is directed to the pleadings here and, in Realtek's view, is not necessary to decide the present motion. However, to address MCP's misrepresentations regarding the ALJ's findings on the Section 101 issue, the Court may take judicial notice of the ITC record. *See* Fed. R. Evid. 201. Although the ALJ determined that the Asserted Claims recite patent eligible subject matter, that finding was based on a different claim construction—*the exact claim construction that MCP argued **against** in this case and succeeded*. *See Certain Digital Video-Capable Devices and Components Thereof*, Inv. No. 337-TA-1224, USITC Pub. 758903 (Dec. 20, 2021) (Public Initial Determination), 2021 WL 6071754, at *64-65 (relying on "timed challenge-response" to find Asserted Claims patent-eligible), *85("receive the protected content when *and only when* . . ." (emphasis in original)). It was only because the claims were construed in the ITC such that the "first device" clause was limiting—including the time-distance measurement—that the claims were found eligible. *See* Inv. No. 337-TA-1224, 2021 WL 6071754, at *65-66. Yet, based on this construction, there was no infringement. *Id.* at *50. Here, where the Court has held that the "first device" is not a required element, that now renders the claims wholly ineligible under Section 101. *See supra* Sections II.A-B.

8

## II.   CONCLUSION

Realtek respectfully requests that the Court grant judgment on the pleadings holding the Asserted Claims ineligible under 35 U.S.C. § 101 and dismissing the Second Amended Complaint.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Christopher J. Higgins<br>Sten A Jensen<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>2100 Pennsylvania Avenue NW<br>Washington, D.C. 20005-1706<br>(202) 339-8400<br>chiggins@orrick.com<br>sjensen@orrick.com | */s/ Andrew C. Mayo*<br>John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Defendant* |

Joseph Kolker
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5000
jkolker@orrick.com

Johannes Hsu
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
(949) 567-6700

Dated:  March 7, 2025

## **WORD COUNT CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief contains 2,091 words (exclusive of the cover page, tables of contents and authorities, and signature block) in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

Dated: March 7, 2025                              /s/ *Andrew C. Mayo*
                                                                  Andrew C. Mayo